UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDEN LEE JUTILA,

        Petitioner,                  Case No. 2:14-cv-197

v.                                           Honorable Robert Holmes Bell

JEFFREY WOODS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Branden Lee Jutila is incarcerated at the Chippewa Correctional Facility. In 2012, he pleaded guilty to possession of a controlled substance, methamphetamine, Mich. Comp. Laws § 333.7403(2)(b)(i). On October 12, 2012, the Marquette County Circuit Court sentenced him to a term of imprisonment of 3 to 10 years. He appealed his sentence to the Michigan Court of Appeals and the Michigan Supreme Court, claiming that the sentencing court improperly departed from the sentencing guidelines because it did not have "legitimate, substantial and compelling reasons" for the departure and because the departure was not proportionate. (*See* Pet., docket #1, Page ID#2.) The Michigan Court of Appeals denied leave to appeal on December 9, 2013, for lack of merit in the grounds presented. The Michigan Supreme Court denied leave to appeal on April 28, 2014, because it was not persuaded that the questions presented should be reviewed by that court.

Petitioner filed the instant action on or about September 22, 2014, raising the same claim that he presented on appeal.

**Discussion**

An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The AEDPA limits the source of federal law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the

"clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).

Petitioner asserts that his sentence violates due process because the state court's departure from the sentencing guidelines (1) was not supported by legitimate, substantial and compelling reasons and (2) was not proportionate. According to Petitioner, the state court stated the following at sentencing:

> [T]he controlled substance variables frankly do not account for the dangerous nature of methamphetamine, and the elements of manufacture of that methamphetamine, particularly in a home, and a home with a one and a three-year-old child, with evidence of active meth cooking having gone on in the past, and without any question in this court's mind, certainly exposing your children, innocent children, to the potential harmful effects and flammable chemical substances used in the methamphetamine manufacturing process.
>
> So for these reasons, frankly I am finding substantial and compelling reasons to depart upward on these guidelines, given your extensive–twice the number of low severity felonies, and the failure of the guidelines to consider the very dangerous nature from both an exposure and an explosive component of the manufacture of methamphetamine with children in the household. And those are factors nonetheless considered by this Court. I don't care if the manufacture of methamphetamine was going on in the basement or a different room of the house, everyone in that house was at risk. We proceeded over a trial earlier this year where there was an explosion in the kitchen of the house, and people came out of the house rolling in flames. The entire house was exposed and contaminated as a result of that. And these components were in your home where your children were. And those are not accounted for in the guidelines. And given all of that and this entire transaction, I am finding substantial and compelling reason[s] to depart upward on the sentence of the Court.

(Pet., docket #1, Page ID##5-6.)

The requirement that a sentencing court find substantial and compelling reasons for departing from the sentencing guidelines, and the requirement that the departure follow a principle of proportionality, are based on state law. The requirement for substantial and compelling reasons

-3-

for a departure derives from Mich. Comp. Laws § 769.34(3).  As explained in *People v. Lucey*, 787 N.W.2d 133 (Mich. Ct. App. 2010),

> a trial court is generally required to impose a minimum sentence in accordance with the appropriate sentence range. MCL 769.34(2). A court may depart from the range set forth in the guidelines if it states on the record a substantial and compelling reason for doing so. MCL 769.34(3); *People v. Harper*, 479 Mich. 599, 616, 739 N.W.2d 523 (2007).

*Lucey*, 787 N.W.2d at 136-37.

In addition, the requirement that a sentence be proportionate derives from the proportionality analysis enunciated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990).  As the Michigan Court of Appeals has explained:

> A sentence must be proportionate to the seriousness of the crime and the defendant's criminal record. A sentencing court abuses its discretion when it violates the principle of proportionality. *Milbourn*, *supra* 435 Mich. 630, 656-657, 461 N.W.2d 1. . . . However, a sentencing court is entitled to depart from the guidelines' range whenever the recommended ranges are considered an inadequate reflection of the seriousness of the matter at hand. *People v. Witcher*, 192 Mich. App. 307, 309, 480 N.W.2d 636 (1991). Departures are appropriate where the guidelines do not adequately account for important factors that legitimately can be considered at sentencing. *Id.*
>
> When a sentencing court departs from the sentencing guidelines, this Court must ask whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. *Milbourn*, *supra* 435 Mich. at 659-660, 461 N.W.2d 1. Even when a departure appears to be appropriate, the extent of the departure must be considered in deciding whether a sentence violates the principle of proportionality. *Id.* at 660, 461 N.W.2d 1. In order to determine proportionality, the nature of the offense and the background of the offender must be considered. *Id.* at 651, 461 N.W.2d 1.

*People v. Phillips*, 512 N.W.2d 62 (Mich. Ct. App. 1994).  Under *Milbourn*, then, the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the legislative intent of dispensing punishment according to the nature of the offense and the background of the offender.  *Milbourn*, 461 N.W.2d at 9-10.  The principle of

proportionality from *Milbourn* derives from state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. April 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).

A federal court may grant habeas relief solely on the basis of federal law; it has no power to intervene on the basis of a perceived error of state law. 28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because the asserted errors in Petitioner's sentence are based solely on a violation of his rights under state law, his claim is not cognizable in this action.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: October 14, 2014               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE